

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARCEL G. MCKNIGHT,

    *Petitioner*,

vs.

NEVADA BOARD OF PAROLE COMMISSIONERS, *et al.*,

    *Respondents*.

2:12-cv-02138-RCJ-CWH

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* inquiry into whether the petition is subject to dismissal because none of the claims in the petition have been fairly presented to the state courts and exhausted. This order follows upon a prior show-cause order (#4) and petitioner's response (#5) thereto. Petitioner in addition has filed a number of motions (## 6-8) that are denied by this order.

### Background

According to the papers presented and the online records of the state courts, petitioner Marcel G. McKnight was convicted in 1999 in Nevada state court, pursuant to a guilty plea, of attempted sexual assault. In the present federal habeas petition, McKnight in principal part challenges alleged action taken by the Nevada Board of Parole Commissioners in connection with his Nevada state conviction. He has been incarcerated in Georgia during the pendency of these federal proceedings.

McKnight contends that he exhausted the claims in the federal petition in a February 7, 2012, original petition filed in the Supreme Court of Nevada.

The Court takes judicial notice of the online docket record of the Supreme Court of Nevada in the proceeding referenced in the petition.[1] That record reflects that the state high court rejected McKnight's February 7, 2012, petition on the following grounds, in full:

> This is a proper person petition for a writ of habeas corpus. Petitioner challenges the revocation of his parole. We have reviewed the documents submitted in this matter, and without deciding the merits of any claims raised therein, we decline to exercise original jurisdiction in this matter. As petitioner's claims appear to require discovery and further development, they are more appropriately raised in a petition for a writ of habeas corpus filed in the district court in the first instance. See NRS 34.360; NRS 34.575 (recognizing the right to appeal from a decision of the district court denying a petition for a writ of habeas corpus). Accordingly, we
>
> ORDER the petition DENIED.

*McKnight v. Nevada Board of Parole Commissioners*, No. 60186 (Nev., Feb. 27, 2012).

Petitioner does not rely upon any other state proceeding in contending that he has exhausted the claims in the federal petition.

### *Exhaustion*

The Court may raise issues of exhaustion *sua sponte*. *See, e.g., Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988).

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir.

---

[1] The Court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state supreme court may be accessed from:

http://www.nevadajudiciary.us/index.php/supremecourt

2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731(1991).

A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

It further is long-established law that a claim is not fairly presented and is not exhausted when a petitioner fails to present the claim in a state district court under available state post-conviction procedures and instead presents the claim in an original petition to the state's high court seeking to invoke an extraordinary discretionary jurisdiction. *See, e.g., Pitchess v. Davis*, 421 U.S. 482, 488 (1975); *Ex parte Hawk*, 321 U.S. 114, 116 (1944); *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981). *Accord Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985). *See also Castille v. Peoples*, 489 U.S. 346, 351(1989)(presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying rule to filing of original writ in state high court).

In the present case, petitioner has not fairly presented any claims to the Supreme Court of Nevada in a procedural context in which the merits would be considered absent special circumstances. The state supreme court expressly both declined to exercise its original jurisdiction over the extraordinary petition filed there and stated that it had not decided the merits of any claim in that petition. The petition therefore did not exhaust any claims.

Petitioner nonetheless relies upon the state constitution and the holding in *Blair v. Crawford*, 275 F.3d 1156 (9th Cir. 2002), that such an original petition in the state supreme court is "properly filed." However, *Blair* held only that an original habeas petition filed in the

Supreme Court of Nevada constitutes a "properly filed" petition for purposes of tolling of the federal limitation period under 28 U.S.C. § 2244(d)(2). The question of whether a petition was "properly filed" for purposes of tolling the limitation period is a distinct and different question, however, from the question of whether the petition also fairly presented claims to the state courts for purposes of exhaustion. *Blair* did not hold that the original petition exhausted the claims.

In the present case, again, the Supreme Court of Nevada quite clearly and expressly declined to exercise its original jurisdiction, stated that it did not consider the merits of the petitioner's claims, and stated that the procedure for petitioner to follow was to file a post-conviction petition in the state district court. The state supreme court is the final arbiter of Nevada state law, including application of the state constitution. The court's ruling as to the proper procedural avenue to pursue in Nevada state court is the final word on that subject.

Petitioner's suggestion that there is "no available administrative-remedial structure" to hear his claims is directly belied by the state supreme court's holding outlining the specific procedural avenue that petitioner must pursue to fairly present his claims. A remedial structure is available, including through to an appeal to the Supreme Court of Nevada if necessary following a decision by the state district court. Petitioner simply has declined to follow the available procedure clearly outlined by the state supreme court.

Petitioner further relies upon *Fay v. Noia*, 372 U.S. 391 (1963), and *Frisbie v. Collins*, 342 U.S. 519 (1952), for the proposition that a habeas petitioner need not exhaust state remedies where there are exceptional, special, or peculiar circumstances which justify departure from rules designated to regulate the usual case. These fifty and sixty year old Supreme Court decisions do not state a generally applicable standard for application of the exhaustion requirement that takes into account the over half century of intervening statutory and jurisprudential developments further specifying the particular governing criteria.[2] In all

---

[2] *Fay* at least states no broad overarching rule that a habeas petitioner need not exhaust state remedies where there are exceptional, special, or peculiar circumstances which justify departure from rules
(continued...)

events, petitioner has not presented any exceptional, special, or peculiar circumstances that would justify a departure from the generally-applicable rules. Petitioner employed the wrong procedure; the state supreme court outlined the proper procedure to follow; and petitioner nonetheless has declined to follow the proper procedure. Those are neither exceptional, special, or peculiar circumstances. They simply are circumstances in which petitioner has failed, through his own intentional choice, to fairly present his claims to the state courts through available procedures.

The completely unexhausted petition therefore will be dismissed without prejudice.[3]

### Pending Motions

On the motion for appointment of counsel, the Court does not find that the interests of justice require the appointment of counsel prior to consideration of the exhaustion issue and dismissal of the wholly-unexhausted petition without prejudice. A constitutional right to counsel does not apply in federal habeas corpus actions. See *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

---

[2](...continued)
designated to regulate the usual case. Moreover, much of what *Fay* held or stated regarding the relationship between state proceedings and federal habeas review further has been overruled by later Supreme Court decisions closer in time to the current century. *Cf. Coleman v. Thompson*, 501 U.S. 722, 724 (1991)("The *Fay* standard [regarding procedural default] was based on a conception of federal/state relations that undervalued the important interest in finality served by state procedural rules and the significant harm to the States that results from the failure of federal courts to respect them."); *Wainwright v. Sykes*, 433 U.S. 72 (1977)(rejecting *Fay*'s approach to procedural-default rule).

[3]The Court notes that petitioner's show-cause response is not signed. Given that the arguments presented therein are clearly without merit, delay of entry of final judgment to afford petitioner to correct the technical deficiency would be a waste of limited judicial resources. The Court has disregarded the deficiency herein in considering the exhaustion issue.

In the present case, petitioner suggests – without any support – that he has "significant (verifiable) mental health related handicaps" that impair his ability to proceed *pro se*. His extensive multiple filings herein as well as in the state supreme court belie his suggestion that any such unspecified mental health handicaps substantially interfere with his ability to seek judicial relief. Petitioner further maintains that he does not have access to Nevada legal library resources while currently incarcerated in Georgia. Petitioner has not needed Nevada state legal materials to litigate the exhaustion issue, and, even as to that issue, he has cited to the Nevada state constitution allegedly without access to Nevada legal materials. To any extent, *arguendo*, that he would need Nevada state legal materials to pursue federal constitutional claims in the state proceedings, he can present his request for same to those courts. He has needed neither such materials nor counsel to respond to the show-cause order. Petitioner's lay status otherwise does not mandate the appointment of counsel.

The motion for appointment of counsel therefore will be denied.

Petitioner's motions additionally for emergency injunctive relief, for enjoinder of extradition, and for provision of legal materials also will be denied. Petitioner must exhaust the state judicial remedies outlined in the state supreme court's order before he may seek federal judicial relief.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED without prejudice as completely unexhausted and that all pending motions (## 6-8) are DENIED.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED.

IT FURTHER IS ORDERED that the Clerk of Court shall effect informal electronic service on the state attorney general in the customary manner. **No response is required from respondents other than to respond to the orders of any reviewing court.**

The Clerk shall enter final judgment dismissing this action without prejudice.

DATED: May 17, 2013

_____
ROBERT C. JONES
Chief United States District Judge